**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA      **:**

      **:**

      **:**

**v.**      **:**      **CRIMINAL NUMBER 23-302**

      **:**

      **:**

**VINMAR MITCHELL**      **:**

## DEFENDANT'S SENTENCING MEMORANDUM

Vinmar Mitchell, by and through his undersigned counsel, Elizabeth Toplin, Assistant

Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania,

hereby submits this sentencing memorandum in anticipation of his Sentencing Hearing,

scheduled for March 25, 2026. For all the reasons set forth more fully below, Mr. Mitchell

respectfully asserts that a non-custodial sentence is the minimally sufficient sentence that will

accomplish the goals set forth at 18 U.S.C. § 3553(a).

## I.      INTRODUCTION AND GUIDELINES

Vinmar Mitchell is 27 years old and has no prior criminal history. For a brief period of

time beginning in late 2021, when he was only 23 years old, he participated in a fraud scheme to

which he was introduced and encouraged by his best friend, whom he called a "brother", and

who failed to explain the true extent and nature of the fraud. While Mr. Mitchell's naivete is not

offered as an excuse for his criminal conduct, it is offered to help explain how such an

industrious and otherwise law-abiding young man, agreed to participate in such anomalous

behavior. Though he recognizes that the loss caused by the larger scheme is over $324,000, and

acknowledges his responsibility to pay restitution, his personal enrichment for his participation

was minimal. From the time he was confronted with his crime, Mr. Mitchell has been forthright.

Mr. Mitchell was arrested on July 17, 2023, and released on O/R bond two days later. He has been compliant with the terms of his pretrial supervision since he was released. He has accepted responsibility and pled guilty to the charges. He has signed a plea agreement and waived important appellate rights. Finally, though Mr. Mitchell has lived in the United States since he was thirteen years old, he is not a United States citizen. As a consequence of his conduct and this conviction, he faces deportation to Jamaica.

Mr. Mitchell agrees with the guidelines range as calculated by the United States Probation Office in the Presentence Report ("PSR"). The guideline for a violation of 18 U.S.C. § 1956(h) is § 2S1.1. The base offense is the offense level derived from the underlying offense from which the laundered funds were derived. In this case, pursuant to U.S.S.G. § 2B1.1, the base offense level is 8. 12 levels are added because the loss amount was more than $250,000.00 but less than $550,000.00. The adjusted offense level, therefore, is 20. Two levels are added pursuant to § 2S1.1(b)(2)(B) because he was convicted under 18 U.S.C. § 1956. He is entitled to a three-point reduction under § 3E1.1(a) and (b). Further, the defendant meets the criteria at USSG §§ 4C1.1(a) and (b) so the offense level is reduced by 2 levels. Thus, the total offense level is 17. With a criminal history category of I, the advisory guidelines range of imprisonment is 24-30 months.

Mr. Mitchell suggests that a downward variance from the advisory guidelines range is warranted here for several reasons. First, as recognized by Probation in the Presentence Report (p.6), Mr. Mitchell is the least culpable member of the scheme. While Probation has not included a role adjustment to reflect a minor role, the defense respectfully requests that the Court should consider such a variance. Second, as noted by probation in Part F of the Presentence Report, (p.

18), Mr. Mitchell's personal history and characteristics may warrant a downward variance.

Third, Mr. Mitchell was barely 23 years old when he became involved in the instant conduct. It is well understood that individuals in their teens and early twenties, especially young men, are more impulsive and show poorer judgement. Mr. Mitchell has no prior criminal record and qualifies as a "zero-point offender." Though he receives the benefit of a two-level reduction in the guideline, the Sentencing Commissions motivation to enact this new section is relevant. [1]

---

[1] This amendment made changes pertaining to offenders who do not receive any criminal history points for Chapter Four, Part A—that is, offenders like Mr. Mitchell. *Id.* Specifically, it creates a new Chapter Four guideline at § 4C1.1 (Adjustment for Zero-Point Offenders), which provides a decrease of two levels from the offense level determined under Chapters Two and Three for offenders who did not receive any criminal history points under Chapter Four, Part A and whose instant offense did not involve aggravating factors (e.g., where the offender used violence or credible threats of violence in connection with the offense or where the instant offense of conviction was a "sex offense"). *Id.* at 78-80.

"In establishing new § 4C1.1, the Commission was informed by its studies of recidivism among federal offenders, as well as other extensive data analyses of offenders with no criminal history points, and public comment. The Sentencing Table in Chapter Five, Part A is divided into six criminal history categories, from I (lowest) to VI (highest). Criminal History Category I includes offenders with zero criminal history points and those with one criminal history point. Recidivism data analyzed by the Commission shows, however, that offenders with zero criminal history points have considerably lower recidivism rates than other offenders, including offenders with one criminal history point. *See* U.S. Sent'g Comm'n, *Recidivism of Federal Offenders Released in 2010* (2021), available at https://www.ussc.gov/research/researchreports/recidivism-federal-offenders-released-2010. Among other findings, the report concluded that 'zero-point offenders' were less likely to be rearrested than 'one-point' offenders (26.8 percent compared to 42.3 percent), the largest variation of any comparison of offenders within the same Criminal History Category." *Id.* at 79.

Mr. Mitchell, despite his offense level which falls outside of zone A or B, is unlikely to reoffend. And, finally, Mr. Mitchell faces deportation as a result of his conviction. While his mother resides in Jamaica, Mr. Mitchell has not lived there since he was 13. This will be a huge adjustment and, the defense suggests, in and of itself is sufficient punishment for Mr. Mitchell's criminal conduct. As such, Mr. Mitchell respectfully asserts that a non-custodial sentence – either time served followed by supervised release, or a term of probation -- is the minimally sufficient sentence. A jail sentence would not further any of the goals of sentencing as set forth at 18 U.S.C. § 3553(a).

## II.      CONSIDERATION OF SENTENCING FACTORS

### A. *The nature and circumstances of the offense and the background and characteristics of the defendant.*

The nature and circumstances of the offense and Mr. Mitchell's personal history are thoroughly and accurately summarized by Officer Maier in the Presentence Investigation Report. Mr. Mitchell was born on June 8, 1998, in St. Ann's Bay, Jamaica. He is the younger of two

---

"In promulgating this change, the Commission also considered the rates of departures and variances in cases involving offenders with no criminal history points. The Commission has long viewed the rates and extents of departures and variances from the applicable guideline ranges as a feedback mechanism from the courts that a particular area of the guidelines may warrant further review and possible amendment. In fiscal year 2021, 39.2 percent of offenders with zero criminal history points received a sentence within the Guidelines range; by comparison, 47.4 percent of offenders with one criminal history point were sentenced within the guideline range. The Commission determined that the departure and variance rates for zero-point offenders, coupled with its recidivism data, warranted action." *Id*.

children born to the marital union of Vincent Mitchell and Marsha Watson. His parents divorced when he was six years old, at which time his father moved to Long Island, New York. The defendant and his sister were raised by his mother and maternal grandmother in Jamaica until he was 13 years old. His mother, a police officer and former schoolteacher was strict, but the defendant recalls a pleasant childhood. Mr. Mitchell and his mother remain close, and he will reside with her should he be returned to Jamaica.

When the defendant was 13, he and his sister moved to the United States and began living with their father, stepmother, and paternal half siblings. His father is employed as an underwater welder and was able to provide well for the family. Mr. Mitchell shares a close relationship with his paternal family and describes a positive childhood growing up with them. When he was a young adult, he moved out of his father's home and has been residing with roommates and friends for the last several years.

Mr. Mitchell is a high school graduate who has attended some college. He has been gainfully employed throughout most of his adult life. Currently he works part time as a sanitation worker for the Long Island Sanitation Department; and also works part time at Chipotle as a service leader. He has never struggled with substance issues, nor has he ever been diagnosed with any mental health issues.

### B. The need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from future crimes of the defendant.

Any sentence imposed by this Court will deter Mr. Mitchell from committing any crime in the future. Mr. Mitchell is 27 years old and has no prior criminal record. But for this anomalous conduct, he has always comported himself honestly and lawfully. This case has caused him a tremendous amount of shame. The ordeal of being federally prosecuted – or

prosecuted at all, has sufficiently deterred him from ever committing a crime in the future. Furthermore, Mr. Mitchell has already proven he can be supervised in the community, as he has been in perfect compliance with pretrial supervision since he was released two days after his initial appearance.

### C. *The need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

Mr. Mitchell is a high school graduate who has attended some college. He has also received a CNA certification and has been gainfully employed as a sanitation helper by the Long Island Sanitation department. He also works for Chipotle as a service leader. He has no medical, psychological or drug/alcohol issues that need addressing. He is open to assistance with employment opportunities and would like to further his education.

### D. *The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.*

The defense is unaware of any similarly situated defendants who have been found guilty of similar conduct. Mr. Godfrey was much more culpable, and also recruited the less culpable members, such as the defendant.

**III.     <u>CONCLUSION</u>**

The defense respectfully submits that a non-custodial sentence is sufficient, but not greater than necessary, to meet the 18 U.S.C. § 3553(a) objectives. None of these factors would be met by incarcerating Mr. Mitchell. Considering his background, the nature of the offense, his true remorse and acceptance of responsibility, Mr. Mitchell will not reoffend. Additionally, he does not pose a danger to the community. As such, the defense respectfully requests a sentence of time served, followed by supervised release, or a period of probation be imposed.

Respectfully submitted,

*/s/ Elizabeth L. Toplin*
ELIZABETH L. TOPLIN
Assistant Federal Defender

# CERTIFICATE OF SERVICE

I, Elizabeth Toplin, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have caused a copy of Defendant's Sentencing Memorandum to be filed and served electronically Electronic Case Filing and/or electronic mail upon:

Anita D. Eve,
Assistant United States Attorney
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

Megan A. Maier,
United States Probation Officer
United States Probation Office
William J. Green Federal Building
600 Arch Street, Suite 2400
Philadelphia, PA 19106

*/s/ Elizabeth L. Toplin*
ELIZABETH L. TOPLIN
Assistant Federal Defender

Date: <u>March 19, 2026</u>