IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :

          v.          :          CRIMINAL NO. 23-302-3

ARIEL S. BAGALUE          :


**GOVERNMENT'S SENTENCING MEMORANDUM**

Defendant Ariel Bagalue was charged by indictment with conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h). The indictment alleges that Bagalue participated in a money laundering scheme that targeted the elderly by informing them that they had won the Publisher's Clearing House sweepstakes. To defraud the elderly victims, schemers informed the victims that in order to claim their sweepstakes winnings they had to first pay fees and taxes. To defraud the elderly victims, co-conspirators informed the victims that in order to claim their sweepstakes winnings, they had to first pay fees and taxes. The victims were instructed to wire, mail, and deposit money into the bank accounts for members of the conspiracy. Victims were also instructed to purchase and mail gift cards and cell phones to people around the United States. The co-conspirators then spent the proceeds of the fraud and shared the proceeds with participants of the conspiracy.

Based on the criminal activity at issue in this case, Bagalue faces a Sentencing Guidelines range of 18 to 24 months' imprisonment. The government recommends a sentence within the applicable Sentencing Guidelines range, absent any basis for a below-guideline sentence addressed in the supplemental sealed attachment to this sentencing memorandum.

1

A sentencing court follows a two-step process, first calculating the range under the Sentencing Guidelines, and then considering that range along with all pertinent 18 U.S.C. § 3553(a) factors in determining the appropriate sentence. *See* USSG § 1B1.1 (Nov. 1, 2025).[1]

At the second step of the sentencing process, "[t]he record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. . . . [A] rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it." *United States v. Cooper*, 437 F.3d 324, 329-30 (3d Cir. 2006) (citations omitted); *see also Rita v. United States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority."); *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc) ("Failure to give 'meaningful consideration' to any such argument renders a sentence procedurally unreasonable which, when appealed, generally requires a remand for resentencing.").

The government explains below its view of the proper consideration in this case of the conduct of the defendant, the advisory guideline range, and the Section 3553(a) factors.

---

[1] Courts previously followed a three-step process, in which the court first calculated the guideline range, then next ruled on motions for departure, before considering the 3553(a) factors. *See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). In an extensive amendment to the Guidelines effective November 1, 2025, the Sentencing Commission eliminated the departure provisions in the manual and dictated the two-step process described above.

I.      **BACKGROUND**

Publishers Clearing House ("PCH") was a company that was famous for offering sweepstakes in which the major prizes could range from $1 million to several million dollars and could include a new car. PCH notified winners of its major prizes in person, not by telephone. PCH also did not ask winners to pay taxes or any other up-front fees or pre-payments in order to claim their prizes. However, participants in the fraud conspiracy at issue in this case, located in Jamaica and the United States, devised a plan to defraud elderly adults living throughout the United States by convincing them that they had won the "Publishers Clearing House" sweepstakes prize but that, in order to collect the winnings, they first had to pay the taxes on the winnings and other up-front fees. Conspiracy participants called elderly victims living in the United States and falsely claimed that they were representatives of PCH. The participants gave the victims instructions about how and to whom to make those payments. The participants instructed victims to make phony tax and fee payments for the PCH prize to various individuals, including Bagalue, who worked with the impostor PCH representatives to launder the victims' payments in multiple, smaller, layered transactions.

Pursuant to instructions that they received from conspiracy participants:

1. Victim 1 sent a total of $10,200 to Bagalue's TD Bank account. Afterward, Bagalue immediately forwarded some of the funds to co-conspirator Godfrey;

2. Victim 2 sent a $25,200 check payable to Bagalue and Bagalue deposited that check into her TD Bank account; and

3. Victim 3 sent a $38,000 check to Bagalue, which Bagalue deposited into her TD Bank account, and then Bagalue withdrew $29,100 in cash.

Bagalue's bank statements showed a pattern of victim money coming into her account and her quickly passing money onto co-conspirators Godfrey, Mitchell, or both. Co-conspirator Godfrey frequently directed Bagalue regarding what to do with the money and how much she could keep. In total, Bagalue and her co-conspirators laundered $324,123 of victims' funds.

## II.   SENTENCING CALCULATION

### A.   Statutory Maximum Sentence

The statutory maximum sentence available under 18 U.S.C. § 1956 is 20 years of imprisonment, a three-year term of supervised release, a fine of $500,000 or twice the value of the property involved in the transaction, whichever is greater, and a $100 special assessment. Full restitution shall also be ordered.

### B.   The Sentencing Guidelines

|  | Offense Level | Notes |
|---|---|---|
| Base Offense Level (18 U.S.C. § 1956) | 8 | 2S1.1(a)(2) |
| Fraud Loss Total = between $250,000 and $550,000 Total - $324,000 | +12 | 2B1.1(b)(1)(G) |
| Conviction under 18 U.S.C. § 1956 | +2 | 2B1.1(b)(2)(B) |
| Minor participant | -2 | 3B1.2(b) |
| Acceptance of Responsibility | -3 | 3E1.1(a) & (b) |
| Zero-Point Offender | -2 | 4C1.1(a) and (b) |
| Total | 17 | |

Bagalue falls into Criminal History Category I. Accordingly, the applicable sentencing guideline range is 18 to 24 months' imprisonment.

## III.   ANALYSIS

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). "These requirements mean that '[i]n the usual sentencing, . . . the judge will use the Guidelines range as the starting point in the analysis and impose a sentence within the range." *Peugh v. United States*, 569 U.S. 530, 542 (2013) (quoting

*Freeman v. United States*, 564 U.S. 522, 529 (2011) (plurality opinion); ellipsis in original).

"Common sense indicates that in general, this system will steer district courts to more within-Guidelines sentences." *Peugh*, 569 U.S. at 543. "The federal system adopts procedural measures intended to make the Guidelines the lodestone of sentencing." *Id.* at 544.

In addition, this Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

### A.    Consideration of the 3553(a) Factors Regarding Imprisonment

Bagalue participated in a conspiracy that engaged in serious criminal conduct that caused a significant financial hardship to vulnerable victims who have provided statements to the Court outlining the harm that the co-conspirators in this case caused. Although Bagalue did not dupe the elderly victims to transfer monies to members of the conspiracy based on information that led the victims to believe they had won the Publishers Clearing House sweepstakes and had to pay taxes on the winnings and other up-front fees before they could collect their prize, she did

knowingly receive monies from the victims, either directly or indirectly from other members of the conspiracy, that she knew were being fraudulently obtained.

The Internet Crime Complaint Center of the Federal Bureau of Investigation ("FBI") tracks reported elder fraud cases. In 2023, when this case was charged, elder fraud complaints increased by 14% and associated losses increased by approximately 11%. The FBI estimates that senior citizens lose more than $3 billion to scams every year. The National Council of Aging reported that in 2023, financial scammers stole more than $3.4 billion from people 60 and older. Scammers impersonate well-known sweepstakes organizations, like Publishers Clearing House, to build trust among their elderly targets because of the established brand. Indeed, general deterrence may be the most compelling reason to impose the recommended guideline range.

The seriousness of Bagalue's criminal conduct, as described above, is reflected in the applicable advisory guideline range. Deterrence is an important issue here because frauds like the one committed in the instant case are a significant problem in our society. The techniques and means of persuasion targeted toward elderly victims made the criminal activity undertaken in this case particularly egregious. A meaningful sentence is therefore necessary to deter both the perpetrators of the deception and those working with them because they are essential to the criminal success of the conspiracy. Bagalue played an important role in the fraud conspiracy and therefore deserves a meaningful sentence.

Bagalue is the last defendant charged in this case to be sentenced. Godfrey, who was most culpable, had a sentencing guideline range of 37 to 46 months' imprisonment. He received a sentence of 30 months' imprisonment. The guidelines in this case already account for Bagalue's lesser role in the overall scheme (since she is receiving a two-level reduction under

Section 3B1.2(b)) and a guideline sentence of 18 to 24 months is appropriate given all of the factors.

Finally, the government requests that Bagalue be held jointly responsible for payment of restitution to victims in the amount of $324,123.

**B.**     **<u>Supervised Release</u>**

Pursuant to Sections 5D1.1 and 5D1.2 of the Sentencing Guidelines, as amended effective November 1, 2025, the Court is directed to conduct an "individualized assessment" when deciding whether to impose a term of supervised release, and if supervised release is imposed, how long the term should be. The Court is further directed to state in open court its reasons for imposing or not imposing a term of supervised release, and its reasons for the length of a term imposed. Further, Section 5D1.3 sets forth mandatory conditions of a term of supervised release, and "discretionary conditions" that the Court may impose, following the same individualized assessment.

The guideline commentary, consistent with 18 U.S.C. § 3583(c), provides that the "individualized assessment" should rest on consideration of the same sentencing factors under 18 U.S.C. § 3553(a) that are considered with respect to a term of imprisonment, with the exception of Sections 3553(a)(2)(A) (the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense") and 3553(a)(3) ("the kinds of sentences available"), which do not apply with regard to supervised release decisions.

In this case, the Court may impose a term of supervised release of not more than three years.

## IV. CONCLUSION

The government's final recommendation regarding sentencing appears in the sealed attachment.

Respectfully submitted,

DAVID METCALF
United States Attorney


*/s Brittany Jones*
BRITTANY JONES
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that this Sentencing Memorandum has been served on the Filing User

identified below through the Electronic Case Filing (ECF) system:

Mariana Rossman, Esquire
mrossman@therossmanfirm.com

/s Brittany Jones
Brittany Jones
Assistant United States Attorney

DATED:  April 20, 2026.